THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>BAYRON EBERTO GARCIA–PEREZ,<br><br>         Defendant. | CASE NO. CR21-0174-JCC-9<br><br>ORDER |

  This matter comes before the Court on Defendant Bayron Eberto Garcia-Perez's motion to modify his sentence (Dkt. No. 823). For the following reasons, Defendant's motion is DENIED.

  On January 10, 2023, Defendant was sentenced to 72 months' imprisonment after pleading guilty to conspiracy to distribute controlled substances. (Dkt. No. 433 at 2.) He had a Total Offense Level of 31 and zero criminal history points, resulting in a sentencing guideline range of 108 to 135 months, but the Court imposed a lower sentence.[1] (Dkt. No. 479 at 14.) Defendant now seeks to reduce that sentence. (Dkt. No. 823 at 3.)

---

[1] Defendant's Plea Agreement erroneously calculated the Base Offense Level as 36, (Dkt. No. 354 at 8), when it should have been 38 due to the converted drug weight, (Dkt. No. 423 at 15). The Court gave Defendant the benefit of the error and, after applying the relevant downward adjustments totaling five levels, (*id.* at 9), calculated the Total Offense Level of 31. Amended Statement of Reasons at 1.

ORDER
CR21-0174-JCC-9
PAGE - 1

The Court is authorized to reduce a sentence when a guideline range has since been lowered under the United States Sentencing Guidelines ("USSG"). *See* 18 U.S.C. § 3582(c)(2). The USSG were amended in November 2023 (after Defendant's sentencing) by Amendment 821, which subtracts two points from a defendant's offense level, provided that (1) the defendant's criminal history is zero and (2) the defendant satisfies other criteria. *See* USSG § 4C1.1(a). The Court may not, however, use this provision to decrease a term of imprisonment below the minimum of the amended sentencing range. *Id.* § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) (explaining that a court must first check if defendant is eligible for a reduction, including based on the guideline range).

Again, Defendant has a criminal history score of zero. (Dkt. No. 423 at 10.) But the two-point downward adjustment from his Total Offense Level of 31 would, at best, bring Defendant's sentencing range to 87 to 108 months. *See* USSG Chapter 5, Part A (Sentencing Table). Defendant's 72-month sentence is below this range. (Dkt. No. 433 at 2.) Therefore, the Court is not authorized to decrease his sentence any further. *See* USSG § 1B1.10(b)(2)(A).

Accordingly, Defendant's motion (Dkt. No. 823) is DENIED.

DATED this 31st day of March 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE